JOHN T. KEATING
Nevada Bar No.: 6373
K E A T I N G LAW GROUP
9130 W. Russell Road, Suite 200
Las Vegas, Nevada 89148
jkeating@keatinglg.com
(702) 228-6800 phone
(702) 228-0443 facsimile
Attorneys for Defendant
*Allstate Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOHN DE VRIES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:17-cv-01810<br><br><u>STIPULATION TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER DEADLINES BY 30 DAYS (Second Request)</u> |

Pursuant to LR 6-1 and LR 26-4, Defendant ALLSTATE INSURANCE COMPANY (Defendant), and Plaintiff JOHN DE VRIES (Plaintiff), by and through their respective counsel of record, respectfully submit the following stipulation requesting a thirty (30) day extension of the current order deadlines. The current discovery cut-off is April 9, 2018. This stipulation is being made at least 21 days before expiration of the current discovery cut-off and is being entered into in good faith and not for the purpose of delay. In support of this Stipulation and Request, the parties state as follows:

///

1

I. Introduction

This case is a bad faith action brought by Plaintiff for alleged damages suffered as a result of a vehicle theft loss on December 2, 2016. Plaintiff filed a complaint in State Court on June 14, 2017, and on June 30, 2017, Defendant removed this matter to Federal Court. Defendant Answered on July 11, 2017. The Second Amended Stipulated Discovery Plan and Scheduling Order was entered on August 24, 2017, and the dates were extended by ninety (90) days via stipulation and order entered on October 27, 2017. This is the second request to extend the deadlines.

II. Discovery Status

    A. <u>Discovery that has been completed</u>.

        1. Plaintiff served his Initial Disclosures pursuant to FRCP 26(a)(1) on August 31, 2017.

        2. Defendant served its Initial Disclosures pursuant to FRCP 26(a)(1) on September 12, 2017.

        3. The Parties continue to supplement their respective Initial Disclosures.

        4. Plaintiff served his First Set of Interrogatories and First Set of Requests for Production on September 11, 2017.

        5. Defendant served its responses to Plaintiff's discovery requests on November 14, 2017.

        6. Defendant served its First Set of Interrogatories and First Set of Requests for Production of Documents on September 15, 2017.

        7. Plaintiff served his responses to Defendant's discovery requests on

December 1, 2017.

8. Defendant served its Second Set of Interrogatories and Second Set of Requests for Production of Documents on November 6, 2017.

9. Plaintiff served his responses to Defendant's second set of discovery requests on December 11, 2017.

10. The parties have been in discussions to schedule depositions and to plan potential expert witnesses in the case.

B. <u>Discovery that remains</u>.

1. Deposition of Plaintiff.

2. Expert disclosures and depositions.

3. Rebuttal Expert disclosures and depositions.

4. Depositions to be noticed by Plaintiff and additional depositions to be noticed by Defendant.

Further, other appropriate discovery may also need to be conducted, including additional written discovery.

### III. Reason for Extension

Although the parties have been working diligently to complete discovery, they had agreed to a formal mediation that was scheduled for December 13, 2017 with retired Judge David Wall. Unfortunately, due to an unexpected conflict for Plaintiff's counsel, the mediation did not go forward, and had to be cancelled on short notice. However, since that time, the parties have entered into informal settlement talks in hopes of resolving this matter without the time and expense of formal mediation. Due to the holidays, it has been difficult for Defendant's counsel

3

to line up the appropriate individuals to discuss settlement authority. The parties believe it prudent to extend the current discovery deadlines for thirty (30) days while they continue to explore settlement in order to avoid having to retain experts and incur substantial litigation costs. The parties expect to know very soon if the case can be resolved absent formal mediation.

IV. Proposed Schedule

1. **Close of Discovery**. The parties agree that discovery shall be extended thirty (30) days from the current deadline of April 9, 2018 to **May 9, 2018**.

2. **Interim Status Report**. The parties shall file the interim status report required by LR 26-3 by **March 9, 2018**. The undersigned counsel certify that they have read LR 26-3 and this date is not later than sixty (60) days before the proposed discovery cut-off date.

3. **Experts**.

    a. **Initial Experts**. The parties agree that the last day to file initial expert disclosures shall be **March 9, 2018**, which is sixty-one (61) days before the discovery cut-off date (60 days falls on a Saturday).

    b. **Rebuttal Experts**. The parties agree that the last day to file rebuttal expert disclosures shall be **April 8, 2018**, which is thirty-one (31) days after the initial disclosure of experts (30 days falls on a Sunday).

4. **Dispositive Motions**. The parties agree that the last day to file dispositive motions shall be **June 8, 2018,** which is thirty (30) days after the discovery cut-off.

4

5. **Pre-Trial Order.** The Joint Pre-Trial Order shall be filed by **July 9, 2018**, which is thirty-one (31) days after the date set for filing the dispositive motions (30 days falls on a Saturday). In the event dispositive motions are filed, the date for filing the Joint Pre-Trial Order shall be suspended until thirty (30) days after a decision of the dispositive motions or further order of the court.

The parties believe that the thirty (30) day extension of the deadlines in discovery is necessary and appropriate to provide sufficient time for both sides to explore settlement and, if necessary, complete discovery in this case and that good cause is demonstrated by the current and ongoing settlement discussions, as well as the need for both parties to retain experts and

///

///

///

///

///

///

///

///

///

///

///

///

///

to conduct depositions, and any additional discovery necessary to prove the parties' claims and defenses should settlement talks fail.

**AGREED AND ACCEPTED:**

DATED THIS 23rd day of January, 2018.　　　DATED THIS 23rd day of January, 2018.

**K E A T I N G** LAW GROUP　　　　　　　**SANTORO WHITMIRE**

By: __/s/JOHN T. KEATING_____　　　By: _/s/JASON D. SMITH_____
JOHN T. KEATING, ESQ.　　　　　　　　　JASON D. SMITH, ESQ.
Nevada Bar No.: 6373　　　　　　　　　　　Nevada Bar No.: 9691
9130 W. Russell Road, Ste. 200　　　　　　10100 West Charleston Blvd., Ste. 250
Las Vegas NV 89148　　　　　　　　　　　Las Vegas NV 89135
Attorney for Defendant　　　　　　　　　　Attorneys for Plaintiff
*Progressive Direct Insurance Company*　　*John De Vries*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTGRATE JUDGE

DATED: January 24, 2018
CASE NO.: 2:17-cv-01810

6